PEROTTI

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION et al.

2004-Ohio-2102.]

Court of Claims of Ohio.

No. 2003–11291–AD.

Decided April 2, 2004.

John W. Perotti, pro se.

James R. Guy, Staff Counsel, Department of Rehabilitation and Correction, for defendants.

DANIEL R. BORCHERT, Deputy Clerk.

{¶ 1} THE COURT FINDS THAT:

{¶ 2} On November 7, 2003, plaintiff John W. Perotti filed a complaint against defendants, Department of Rehabilitation and Correction and the Adult Parole Authority. Plaintiff alleges that on July 15, 2003, he was transferred from the Lakewood City Jail to the Cuyahoga County Jail. He asserted that a "parole

hold" was placed on him by the defendant, Adult Parole Authority. Accordingly, he was not allowed to make bond even though he had the means to do so. He contends that due to this fact, he was considered a "parole violator-state prisoner," not a county prisoner. Plaintiff contends that since he is a "state prisoner," he should not be subject to the county's pay scale for medical treatment. Plaintiff seeks a declaratory judgment finding that the county's medical payment scale should not apply to him and the return of the $220 he has already expended for medical treatment;

{¶ 3} Plaintiff submitted a poverty statement. Upon review, the court finds that the statement fails to include any information with regard to funds held in his prison account, funds received from prison labor, or funds received from other sources;

{¶ 4} On December 5, 2003, plaintiff filed an amended complaint. Plaintiff seeks to increase his prayer amount to $320 due to additional charges incurred for additional medical treatment received while in the Cuyahoga County Jail;

{¶ 5} On January 8, 2004, plaintiff filed a motion for leave to compel discovery. Plaintiffs seeks information about his medical treatment, costs, and medical policy from July 15, 2003, to the present;

{¶ 6} On February 12, 2004, defendant filed a motion to dismiss based on the fact that plaintiff is not suing a state entity and his failure to submit a valid poverty statement or the filing fee;

{¶ 7} On February 17, 2004, plaintiff submitted an amended complaint. Plaintiff alleges that he illegally was charged a $70 fee pursuant to R.C. 2929.38, incurred additional medical expenses, and was subjected to summary punishment. Plaintiff seeks to increase his prayer amount to $550;

{¶ 8} On February 24, 2004, plaintiff filed a motion for extension of time to reply to defendant's motion to dismiss;

{¶ 9} On February 25, 2004, plaintiff submitted the filing fee;

{¶ 10} On March 8, 2004, plaintiff filed a memorandum contra defendant's motion to dismiss. Plaintiff submitted evidence concerning the medical costs he has incurred since he has been incarcerated in the Cuyahoga County Jail. With respect to whether the Cuyahoga County Jail is a state entity, he states: "The jail is covered by the same standards as prisons. They both utilize chapter 5100 of the Revised Code."

{¶ 11} On March 25, 2004, plaintiff submitted a letter (1) requesting that this court order the Cuyahoga County Sheriff to forward his legal property to him; and (2) he be given an extension of time to respond to any motion filed by defendant in the past month. This court has no authority to order the Cuyahoga

County Sheriff to perform any act. Defendant has filed no motion in the past month.

{¶ 12} THE COURT CONCLUDES THAT:

{¶ 13} Neither statute nor rules or Local Rules of the Court of Claims give the deputy clerk the authority to rule on a prayer for declaratory judgment;

{¶ 14} R.C. 2743.02(E) states:

{¶ 15} "The only defendant in original actions in the court of claims is the state."

{¶ 16} Generally, Ohio's courts of common pleas have original jurisdiction over civil actions commenced against counties and their agencies. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101;

{¶ 17} The Cuyahoga County Jail is not a state entity. Accordingly, this court lacks subject-matter jurisdiction to hear this matter.

{¶ 18} The deputy clerk has no authority over the Sheriff of Cuyahoga County.

{¶ 19} IT IS ORDERED THAT:

{¶ 20} Having considered all of the evidence in the claim file and, for the reasons set forth above, defendant's motion to dismiss is GRANTED. Plaintiff's motion to compel discovery and motion for extension of time are MOOT. Plaintiff's letter of March 25, 2004, is considered a motion and is DENIED. Plaintiff's case is DISMISSED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this entry of dismissal and its date of entry upon the journal.

Decision accordingly.